1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7           **DISTRICT OF NEVADA**
8
9   TY THOMAS,                          )
         #68806                          )
10                                        )
              Plaintiff,                  )        3:10-cv-0282-LRH-VPC
11                                        )
    vs.                                   )
12                                        )        **ORDER**
    DAVID MAR, *et al.*,                  )
13                                        )
              Defendants.                 )
14  _____/

15          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The court now reviews

16  the complaint.

17  **I.  Screening Standard**

18          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's

19  claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state

20  a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

21  from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis

22  either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss

23  a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

24  contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim,

25  however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d

26  639, 640 (9th Cir. 1989).

27          Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided

28  for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section

1   1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule

2   12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232

3   F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

4   elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

5   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

6   (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

7   suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the

8   court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital

9   Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and

10  resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

11          Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings

12  drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21

13  (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All

14  or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims

15  lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are

16  untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal

17  interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*

18  fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932

19  F.2d 795, 798 (9th Cir. 1991).

20          To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained

21  of was committed by a person acting under color of state law; and (2) that the conduct deprived the

22  plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.

23  2006).

24  **II.  Instant Complaint**

25          Plaintiff, who is incarcerated at Nevada State Prison ("NSP") has sued the State of Nevada;

26  Nevada Department of Corrections ("NDOC"); doctor David Mar; NDOC Medical Director Robert

27  Bannister; and the following nursing and medical staff at NSP: Kathy King, Sandy Snider, Terri Jacobs,

28  Robert Crum, Jonathan Perry, NSP Warden Greg Smith and NDOC Director Howard Skolnik, alleging

1   deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights as well

2   as violations of his Fifth and Fourteenth Amendment rights and the Americans with Disabilities Act

3   ("ADA"). According to plaintiff, when he was first taken into NDOC custody in 2001, his hearing aid

4   was taken from him prior to transport to prison and was subsequently lost by transport officers.  Plaintiff

5   claims that after numerous requests, hearing tests and after being shot because he was unable to hear an

6   officer's order to "get down," he was ultimately issued a hearing aid.  Plaintiff alleges that the hearing

7   aid has stopped working.  He asserts that Dr. Mar initially agreed that he needed a replacement hearing

8   aid, but that the Utilization Review Committee denied him a replacement due to the current budget

9   crisis.  He claims that his grievances were denied by defendants Perry, Mar, Snider and Bannister.

10  Plaintiff alleges that Dr. Mar "did a dramatic reversal of decision for unknown reasons" and that the

11  doctor's response to the first level grievance was that "plaintiff's hearing has returned, and hearing aids

12  are not needed at this time."  Plaintiff claims that NSP lacks equipment to test his hearing.  The court

13  notes in particular that plaintiff requests injunctive relief directing defendants to issue him a set of

14  hearing aids and to "refrain from their continued charging and taking of money from his accounts

15  without authorization or justification."

16          As a preliminary matter, while plaintiff names Kathy King, Terri Jacobs, and Robert Crum as

17  defendants, he sets forth no allegations against them whatsoever.  In fact, Jacobs and Crum are not

18  mentioned at all in the complaint and the only mention of King is that she submitted a memorandum to

19  the Utilization Review Committee requesting assistance for the plaintiff.  Accordingly, Kathy King,

20  Terri Jacobs and Robert Crum are dismissed from this action.

21          While plaintiff also names NSP Warden Greg Smith and NDOC Director Howard Skolnik as

22  defendants, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the

23  defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the

24  supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent

25  them.  There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045

26  (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez*

27  *v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (proper to dismiss where no

28  allegations of knowledge of or participation in alleged violation).  Plaintiff does not allege that Warden

1    Smith or Director Skolnik had knowledge of or participated in any alleged civil rights violation.  In fact,

2    as with the individuals dismissed above, the complaint contains no allegations against Warden Smith

3    or Director Skolnik.  Accordingly, Warden Smith and Director Skolnik are dismissed from this action.

4        **A.  Eighth Amendment Claims**

5        With respect to the remaining defendants who are individuals: David Mar, Robert Bannister,

6    Sandy Snider, and Jonathan Perry, plaintiff contends that defendants have been deliberately indifferent

7    to his medical needs in violation of the Eighth Amendment.  The Eighth Amendment prohibits the

8    imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity,

9    civilized standards, humanity and decency."  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee

10   or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless

11   the mistreatment rises to the level of "deliberate indifference to serious medical needs."  *Id.* at 106.  The

12   "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged

13   deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834

14   (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

15   "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct

16   undertaken for the very purpose of causing harm.  *Farmer*, 511 U.S. at 837.  A prison official does not

17   act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk

18   to inmate health or safety." *Id.*

19       In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

20   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

21   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*

22   *v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A]

23   complaint that a physician has been negligent in diagnosing or treating a medical condition does not state

24   a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not

25   become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S.

26   at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*,

27   974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*, 104 F.3d

28   1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate

4

1   indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

2   A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

3   indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

4       Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See*

5   *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002);

6   *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.

7   1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059

8   (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997)

9   (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging

10  that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that

11  the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley*

12  *v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

13      Moreover, prison officials have a duty to take reasonable steps to keep inmates safe from serious

14  threats. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S.

15  825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d

16  862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison

17  officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S.

18  at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the

19  inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk

20  to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn

21  that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*,

22  511 U.S. at 837; *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v.*

23  *Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313

24  (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial

25  evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*,

26  511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Finally, cost is not relevant to

27  finding an Eighth Amendment violation, though it is relevant to fashioning a remedy. *See Jones v.*

28  *Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). With his allegations that he was previously issued a hearing

1   aid after being shot when he couldn't hear an officer's command, but that now he has been refused a

2   replacement hearing aid, plaintiff states an Eighth Amendment claim against defendants David Mar,

3   Robert Bannister, Sandy Snider, and Jonathan Perry.

4          While plaintiff names the State of Nevada as a defendant, states are not persons for purposes of

5   § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of*

6   *State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir.

7   1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological,*

8   *Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).   Section 1983 claims against states, therefore, are legally

9   frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other

10  grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).   Similarly, a

11  governmental agency that is an arm of the state is not a person for the purposes of § 1983.  *See Howlett*

12  *v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v.*

13  *Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387,

14  1398-99 (9th Cir. 1993) (en banc).  Because NDOC is one of the arms of the State, it is not a person for

15  the purposes of § 1983.  *See Doe*, 131 F.3d 836; *Black v. Nevada Dept. Of Corrections*,   2010 WL

16  2545760 at *2 (Slip Copy, June 21, 2010, D.Nev.).  Accordingly, the Eighth Amendment claims against

17  the State of Nevada and NDOC are dismissed with prejudice.

18         **B. Americans with Disabilities Act**

19         Plaintiff claims that the refusal to replace his hearing aid puts him at risk when he participates

20  in NDOC programs and activities that require officer supervision because he could again be shot for not

21  responding to warnings that he cannot hear.  He also asserts that he is unable to telephone his family,

22  unlike inmates that are able to hear.

23         Title II of the Americans with Disabilities Act ("ADA") provides that

24         No qualified individual with a disability shall, by reason of such disability, be excluded
       from participation in or denied the benefits of the services, programs, or activities of a
25         public entity, or be subjected to discrimination by any such entity.

26  42 U.S.C. § 12132.  Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of

27  1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA

28  and the Rehabilitation Act." *Zukle v. Regents of the University of California*, 166 F.3d 1041, 1045, n.

6

11 (9th Cir. 1999). To establish a claim under the ADA and RA, plaintiff must demonstrate that (1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendants' actions either (3) excluded his participation or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap. *See Duffy v. Riveland*, 98 F.3d 477, 455 (9th Cir. 1996).

The term "public entity" is defined under Title II as any state or local government or any department, agency, or other instrumentality of state or local government. 42 U.S.C. § 12131(1)(A), (B). Individuals are not proper defendants under Title II of the ADA. *See EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995); *see also Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Gallo v. Bd. of Regents of the University of California*, 916 F. Supp. 1005, 1009 (S.D. Cal. 1995). With his allegations that he cannot hear and has been refused a replacement hearing aid and thus is at risk if he participates in prison programs and cannot hear officer commands, and further that he cannot use the telephone that the other inmates access, plaintiff states a claim under the ADA against the State of Nevada and NDOC. As individuals are not proper defendants under the ADA, the ADA claim against all other defendants is dismissed with prejudice.

**C. Fourteenth Amendment Right to Equal Protection**

Plaintiff also alleges that other inmates have received new hearing devices, and therefore, defendants have violated equal protection by denying him a replacement. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners are also protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff has not alleged that defendants intentionally discriminated against him based on race or religion or his membership in any other protected class. Therefore, plaintiff's Fourteenth Amendment Equal Protection claim is dismissed.

///

7

**D. Fifth Amendment**

Plaintiff merely mentions, without elaboration, that his Fifth Amendment rights have been violated. "The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government-not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)).  Plaintiff does not allege that any of the defendants are federal actors.  Plaintiff has not and cannot state a claim alleging a violation of the Fifth Amendment, and therefore, this claim is dismissed with prejudice.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the complaint. (Docket #1, Exhibit B).

**IT IS FURTHER ORDERED** that all claims against defendants Howard Skolnik, Greg Smith, Kathy King, Terri Jacobs and Robert Crum are **DISMISSED**.  Howard Skolnik, Greg Smith, Kathy King, Terri Jacobs and Robert Crum are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims against defendants David Mar, Robert Bannister, Sandy Snider, and Jonathan Perry **may proceed**.

**IT IS FURTHER ORDERED** that the Eighth Amendment claims against the State of Nevada and NDOC are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the claims under the Americans with Disabilities Act ("ADA") against the State of Nevada and NDOC **may proceed**.

**IT IS FURTHER ORDERED** that the claims under the Americans with Disabilities Act ("ADA") against defendants David Mar, Robert Bannister, Sandy Snider, and Jonathan Perry are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Fifth Amendment claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order,**

1  **including the attached Intent to Proceed with Mediation Form, on the Office of the Attorney**

2  **General of the State of Nevada, attention Pamela Sharp**.  Defendant(s) shall file and serve an answer

3  or other response to the complaint on or before **forty-five (45) days** from the date of entry of this order.

4      **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE**

5  the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the date of entry

6  of this order.

7      **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an

8  appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other

9  document submitted for consideration by the court.  Plaintiff shall include with the original paper

10  submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

11  to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff

12  shall direct service to the individual attorney named in the notice of appearance, at the address stated

13  therein.  The court may disregard any paper received by a district judge or a magistrate judge that has

14  not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

16      DATED this 23rd day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9

1

_____
Name

2

_____
Prison Number

3

_____
Address

4

_____

5

_____

6

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

7

8

_____,   )    Case No. _____
Plaintiff,   )
)

9

v.   )    **NOTICE OF INTENT TO**
)    **PROCEED WITH MEDIATION**

10

_____   )
)

11

_____   )
Defendants.   )

12

_____)

13

        This case may be referred to the District of Nevada's early inmate mediation program.  The

14

purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
which the parties meet with an impartial court-appointed mediator in an effort to bring about an
expedient resolution that is satisfactory to all parties.

15

16

1.    Do you wish to proceed to early mediation in this case? _____ Yes    _____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

17

_____

18

_____

19

_____

20

21

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court
in the last five years and the nature of each case. (Attach additional pages if needed).

22

_____

23

_____

24

_____

25

26

4.    List any and all cases, including the case number, that are currently pending or any pending

27

grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

28

_____

10

1    _____

2    _____

3    _____

4    5.    Are there any other comments you would like to express to the court about whether this case is
     suitable for mediation.  You may include a brief statement as to why you believe this case is
5    suitable for mediation.  (Attach additional pages if needed).

6    _____

7    _____

8    _____

9    _____

     **This form shall be filed with the Clerk of the Court on or before thirty (30) days from the**
10   **date of this order.**

11        Counsel for defendants: By signing this form you are certifying to the court that you have
     consulted with a representative of the Nevada Department of Corrections concerning participation in
12   mediation.

13        Dated this _____ day of _____, 20_____.

14                                    _____
                                      Signature
15

16                                    _____
                                      Name of person who prepared or
17                                    helped prepare this document

18

19

20

21

22

23

24

25

26

27

28

                                      11